IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MARCUS WRIGHT, §<br>#24986-380, §<br>　　PLAINTIFF, §<br>§<br>v.　　　　　　　　　　　　　§　 CIVIL CASE NO. 3:24-CV-3145-K-BK<br>§<br>FBOP- DESIGNATION SENTENCE §<br>CLASSIFFICATION CENTER, ET AL., §<br>　　DEFENDANTS. § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* action was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. Upon review of the relevant pleadings and applicable law, this action should be **DISMISSED WITHOUT PREJUDICE** as moot.

On December 13, 2024, Plaintiff Marcus Wright, a federal prisoner at the Beaumont United States Penitentiary (USP), in Beaumont, Texas, filed an *Emergency Petition for Mandamus*. Doc. 3. Wright seeks to compel the Bureau of Prisons (BOP) to comply with the Sex Offender Management Program (SOMP) and place him in protective custody at a Federal Medical Center. Doc. 3 at 2. On January 14, 2025, Wright moved to amend again stating that he seeks "to be transferred to a federal institution that is in compliance with SOMP program standards and BOP Program Statement[s] . . . ." Doc. 6 at 2.

Wright's subsequent transfer to USP Tucson, a BOP unit that offers sex offender treatment programs, renders his claim for declaratory or injunctive relief moot.[1] *See Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001) (holding prisoner's transfer renders moot claim for declaratory and injunctive relief). Moreover, just as in *Holiday*, "any suggestion of relief based on the possibility of transfer back to" USP Beaumont "is too speculative to warrant relief." *Id*. Consequently, Wright's petition for writ of mandamus should be **DISMISSED WITHOUT PREJUDICE** as moot.

**SO RECOMMENDED** on March 28, 2025.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to object to 14 days).

---

[1] The BOP *Inmate Locator* is available at Inmate Locator (last accessed on March 25, 2025). A list of the BOP units with sex offender treatment programs is available at BOP: Sex Offenders (last accessed on March 25, 2025).